IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FANNIE MAE,

      Plaintiff,

v.

MKJS INVESTMENTS I, LLC, a Texas limited liability company; MKJS INVESTMENTS II, LLC, a Texas limited liability company; and MIHAIL KOULAKIS and JANE DOE KOULAKIS, husband and wife,

      Defendants.

Case No.

## COMPLAINT

Fannie Mae ("Plaintiff" or "Fannie Mae"), by and through its attorneys Jennings Haug Keleher McLeod LLP (Nathan S. Stimson) and Clark Hill PLC (James L. Ugalde), for its Complaint for breach of contract, breach of guaranty, and deficiency against Defendants ("Complaint"), states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Fannie Mae is a government-sponsored private corporation organized and existing under the laws of the United States. Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B).

2. Fannie Mae is a corporation organized and existing under the laws of the United States of America and is authorized to conduct business in the State of New Mexico. Fannie Mae was established by Congress to carry out vital public policies enumerated by statute: to create a

1

secondary market for residential mortgage loans, to stimulate the flow of private capital into housing, and to improve the affordability of home ownership, thereby bringing stability to the U.S. housing market. *See* 12 U.S.C. § 1716.

3. Upon information and belief, Defendant MKJS Investments I, LLC ("MKJS-I") is a Texas limited liability company, and at all times relevant hereto, was authorized to conduct business in the State of New Mexico.

4. Upon information and belief, Defendant MKJS Investments II, LLC ("MKJS-II," and together with MKJS-I, are referred to herein, jointly and severally, as the "Borrower"), is a Texas limited liability company, and at all times relevant hereto, was authorized to conduct business in the State of New Mexico.

5. Upon information and belief, Defendant Mihail Koulakis ("Guarantor," and together with Plaintiff and Borrower, the "Parties"), is a resident of the State of Texas. It is further believed that Guarantor may have been married to Jane Doe Koulakis at certain times relevant to the claims in this matter. At all times material hereto, Guarantor was acting for the benefit and on behalf of his marital community estate, if any; therefore, any judgment rendered against Guarantor shall also be deemed against Guarantor's marital community estate, if any.

6. This Court has subject matter jurisdiction over this case pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. § 1332 because the Parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over Defendants because they caused events to occur in Bernalillo County, New Mexico, out of which this action arises. Moreover, Defendants specifically consented and agreed that the courts in New Mexico shall have exclusive jurisdiction for the claims herein pursuant to the Loan Documents (defined below).

8. Venue is proper in this Court under 28 U.S.C. § 1391.

**LOAN DOCUMENTS**

9. On or about June 15, 2018, Fannie Mae's predecessor-in-interest, Arbor Commercial Funding I, LLC, a New York limited liability company (including its successors by merger, assignment or otherwise, the "Loan Servicer"), made a loan (as may have been amended, modified and/or supplemented, the "Loan") to Borrower in the original principal amount of $14,250,000.00, evidenced by, among other things, a *Multifamily Note* (as amended or modified from time to time, the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by this reference.

10. Pursuant to its terms, the Note is binding upon Borrower and its successors and assigns.

11. The Note is secured by, among other things, that certain *Multifamily Loan and Security Agreement* (the "Loan Agreement") dated as of June 15, 2018 and executed by Borrower. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B** and is incorporated herein by this reference.

12. The Note is further secured by, among other things, that certain *Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing* (the "Mortgage") dated as of June 15, 2018, encumbering a 512-unit residential housing complex located at 920 Louisiana Boulevard SE, in Albuquerque, Bernalillo County, New Mexico (the "Property") by a first priority lien and security interest, as recorded in the Official Records of the County Recorder for Bernalillo County, New Mexico on June 15, 2018 at Document No. 2018052427. A true and correct copy of the Mortgage is attached hereto as **Exhibit C** and is incorporated herein by this reference.

13. The Note is further secured by, among other things, that certain *Guaranty of Non-Recourse Obligations* (the "Guaranty") dated as of June 15, 2018, executed and delivered by Guarantor under which he absolutely, unconditionally and irrevocably guaranteed repayment of all amounts due under the Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit D** and is incorporated herein by this reference.

14. All of Loan Servicer's rights, title and interests in and to the Loan Documents were assigned to Plaintiff pursuant to certain assignment, assumption and transfer documents, including, without limitation, that certain *Assignment of Collateral Agreements and Other Loan Documents* dated as of June 15, 2018 (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit E** and is incorporated herein by this reference.[1]

15. Plaintiff (i) is the holder of the Loan Documents, (ii) is entitled to enforce the Loan Documents and/or (iii) possesses an ownership or property interest in the Loan Documents.

## THE LOAN DEFAULTS

16. Borrower defaulted on the Loan Documents by failing to make the monthly payments due on the Note, beginning with the payments due for May and June, 2020 and for each consecutive month thereafter, resulting in unpaid amounts of principal, interest, including default interest, late fees and other charges due and owing under the Loan Documents.

17. Pursuant to the terms of the Loan Documents, Plaintiff had the right upon an event of default by Borrower to declare the entire unpaid principal balance of the Note and all accrued

---

[1] The Note, Loan Agreement, Mortgage, Guaranty, Assignment and all amendments or modifications to any of the foregoing, as well as all other documents, security agreements, guaranty agreements, assignments, transfers or other instruments evidencing, securing or relating to the Loan, may be referred to collectively hereinafter as the "Loan Documents."

47002\446955\269477454

unpaid interest immediately due and payable. *See e.g.*, Note at ¶ 4, pp. 1-2; Mortgage at ¶ 5(a), p. 11.

18. By letter dated June 25, 2020, Plaintiff advised Borrower and Guarantor of the above-listed Event(s) of Default (as defined in the Loan Agreement), and declared the entire indebtedness evidenced by the Loan Documents immediately due and payable in full and made demand on Borrower and Guarantor for immediate payment of the indebtedness in full.

## MORTGAGE FORECLOSURE

19. As a result of the foregoing defaults, Plaintiff commenced an action in the Second Judicial District Court for Bernalillo County, New Mexico (the "Court") on July 17, 2020 under Case No. D-202-CV-2020-04141 (the "Lawsuit"), seeking (i) judgment against Borrower, (ii) foreclosure of the Mortgage, and (iii) the appointment of a receiver for the Property.

20. On September 10, 2020, the Court entered a judgment (the "Judgment") granting Fannie Mae judgment against Borrower in the aggregate amount of $21,248,994.20 (the "Judgment Amount").

21. Rather than continue with the litigation in the Lawsuit, and in an effort to minimize legal fees, costs and expenses, the Parties entered into that certain *Deed in Lieu of Foreclosure Agreement* (the "Agreement") dated as of February 5, 2021 and stipulated to the dismissal of the Lawsuit.[2]

---

[2] The Agreement contains a confidentiality provision with certain exceptions, including the following: "to enforce the rights and remedies under this Agreement[.]" As a result, Fannie Mae reserves all rights to disclose such Agreement, and the contents therein, in this action consistent with the exceptions provided therein.

47002\446955\269477454

22. In connection with the Lawsuit, Fannie Mae commissioned an appraisal (the "Appraisal") of the Property, which Appraisal indicated that the Property had an as-is market value as of October 7, 2020 in the amount of $17,060,000.00 (the "Property FMV").

23. Pursuant to the Agreement, Defendants acknowledged the Judgment in the aggregate amount of $21,248,994.20. Defendants further acknowledged that the foregoing amount did not include any other amounts, charges or other sums incurred after August 31, 2020, including without limitation, attorneys' fees and expenses, that may be payable pursuant to the Loan Documents.

24. In compliance with the Agreement, Defendants conveyed title to the Property to Fannie Mae's designee, MF Blue Valley Apartments, LLC (the "Designee"), and Fannie Mae's liens and security interests under the Loan Documents and the beneficial estate of Fannie Mae in the Property remained separate and distinct from the legal estate and title in the Property acquired by the Designee.

25. Furthermore, pursuant to the Agreement, Fannie Mae's liens and the Loan Documents were not released or relinquished and are preserved and continue in full force and effect and the statutes of limitation applicable with respect to Fannie Mae's exercise of its rights and remedies under the Loan Documents were tolled and extended so that the exercise of such rights and remedies shall not be limited under any applicable statutes of limitation, by laches or otherwise.

**DEFICIENCY**

26. As additional consideration for the Agreement, the Parties agreed that Borrower would receive a credit towards the Judgment Amount in the amount of $18,000,000.00 (the

"Judgment Credit"), which Defendants acknowledged was $940,000.00 more than the Property FMV. This action is brought to enforce the rights and remedies under the Agreement.

27. As a result of the Agreement, the Parties acknowledged that a balance in the amount of $3,248,994.20 (the "Deficiency Amount") continued to exist under the Judgment. To the extent that the Parties could not reach an agreement as to any claims regarding liability as to the Deficiency Amount, the Parties acknowledged that all respective rights, remedies, claims, defenses and/or counterclaims of the Parties were expressly reserved for use in any subsequent action or litigation between the Parties.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract/Deficiency – Borrower)

28. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

29. As detailed above, Borrower defaulted on its obligations owing to Fannie Mae under the Note and other Loan Documents by, among other things, failing to pay the amounts due and owing thereunder.

30. Pursuant to the Judgment and acknowledged by Borrower in the Agreement, at the time of the Judgment, Borrower was indebted to Fannie Mae in the aggregate amount of $21,248,994.20.

31. As consideration for the Agreement, Fannie Mae provided Borrower with a credit in the amount of $18,000,000.00, leaving a deficiency in the amount of $3,248,994.20.

32. Pursuant to the Loan Documents, Borrower is liable for the Deficiency Amount.

33. In addition to the Deficiency Amount, Borrower is liable to Fannie Mae for all accrued and accruing interest (including interest at the default rate), accrued and accruing

attorneys' fees, costs, and any other applicable charges under the Loan Documents (collectively, the "Indebtedness").

34. As a result of the Borrower's default, additional interest has accrued, and will continue to accrue, on the Deficiency Amount at the default rate of 9.23%, per annum, from and after August 31, 2020, until paid in full.

35. The Loan Documents provide that Borrower shall pay all attorneys' fees and other expenses incurred by Fannie Mae in enforcing Borrower's obligations under the Loan Documents. Fannie Mae therefore hereby makes a claim for its attorneys' fees and other expenses incurred by Fannie Mae in enforcing Borrower's obligations under the Loan Documents.

WHEREFORE, Plaintiff respectfully demands judgment against Borrower as follows:

A. For the Deficiency Amount, which amount is not less than $3,248,994.20;

B. For interest on the foregoing principal sum at the default rate of interest of 9.23%, per annum, as specified in the Loan Documents from August 31, 2020, until paid in full;

C. For all accrued and accruing attorneys' fees, costs, and any other applicable charges under the Loan Documents and the Agreement from August 31, 2020, until paid in full;

D. For Fannie Mae's costs and attorneys' fees incurred in this action;

E. For interest on the foregoing costs and attorneys' fees at the highest rate provided by law from the date of entry of judgment until paid; and

F. For such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Breach of Guaranty/Deficiency – Guarantor)

36. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

37. As part of the Loan Documents, and as an inducement for Plaintiff to make the Loan to Borrower, Guarantor executed and delivered to Plaintiff the Guaranty, thereby guarantying all obligations owing to Fannie Mae by the Borrower.

38. Pursuant to the Judgment and acknowledged by Guarantor in the Agreement, at the time of the Judgment, Borrower was indebted to Fannie Mae in the aggregate amount of $21,248,994.20.

39. As consideration for the Agreement, Fannie Mae provided Borrower with a credit in the amount of $18,000,000.00, leaving a deficiency in the amount of $3,248,994.20.

40. Pursuant to the Guaranty, Guarantor is liable for the Deficiency Amount.

41. In addition to the Deficiency Amount, Guarantor is liable to Fannie Mae for all of Borrower's Indebtedness.

42. As a result of the Borrower's default, additional interest has accrued, and will continue to accrue, on the Deficiency Amount at the default rate of 9.23%, per annum, from and after August 31, 2020, until paid in full.

43. The Guaranty provides that Guarantor shall pay all attorneys' fees and other expenses incurred by Fannie Mae in enforcing its rights under the Loan Documents. Fannie Mae therefore hereby makes a claim for its attorneys' fees and other expenses incurred by Fannie Mae in enforcing its rights under the Loan Documents.

WHEREFORE, Plaintiff respectfully demands judgment against Guarantor as follows:

A. For the Deficiency Amount, which amount is not less than $3,248,994.20;

B. For interest on the foregoing principal sum at the default rate of interest of 9.23%, per annum, as specified in the Loan Documents from August 31, 2020, until paid in full;

C.  For all accrued and accruing attorneys' fees, costs, and any other applicable charges under the Loan Documents and the Agreement from August 31, 2020, until paid in full;

D.  For Fannie Mae's costs and attorneys' fees incurred in this action;

E.  For interest on the foregoing costs and attorneys' fees at the highest rate provided by law from the date of entry of judgment until paid; and

F.  For such other and further relief as the Court deems just and proper.

DATED this 6th day of January, 2023.

**JENNINGS HAUG KELEHER MCLEOD LLP**

By: */s/ Nathan S. Stimson*
Nathan S. Stimson
201 Third Street NW, Suite 1200
Albuquerque, NM 87102
Telephone: (505) 346-4646
E-mail: nss@jhkmlaw.com

**CLARK HILL PLC**

By: */s/ James L. Ugalde*
James L. Ugalde
3200 N. Central Ave., Suite 1600
Phoenix, AZ 85012
Telephone: (602) 440-4800
E-mail: jugalde@clarkhill.com

*Attorneys for Plaintiff, Fannie Mae*

47002\446955\269477454